**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSAN GONZALES,<br><br>                            Plaintiff,<br><br>vs.<br><br>DR. GWEN GLEASON-ROHRER,<br><br>                            Defendant. | Case No.: 3:19-cv-00241-GPC-KSC<br><br>**ORDER:**<br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a);**<br><br>**2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e) AND § 1915A(b)**<br><br>**3) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[ECF Nos. 2, 3.]** |

     SUSAN GONZALES ("Plaintiff"), proceeding *pro se* and with claims of brain damage, has filed a Complaint claiming Medical Malpractice. (ECF No. 1). Plaintiff claims DR. GWEN GLEASON–ROHRER ("Defendant"), while employed at San Diego Family Care, failed to properly treat Plaintiff for pre-diabetes and diabetes. (*Id.* at 2–3). Plaintiff did not pay the $400 civil and administrative filing fee required by 28 U.S.C. § 1914(a) at the time she submitted her Complaint. Instead, she a filed Motion to

Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 3). Plaintiff has also filed a Motion to Appoint Counsel. (ECF No. 2.)

### I.     Motion to Proceed In Forma Pauperis

In order to commence a civil action, Plaintiff must pay a filing fee of $400[1]. *See* 28 U.S.C. § 1914(a). The action may proceed despite her failure to prepay the entire fee only if Plaintiff is granted leave to proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The court may authorize a lawsuit's commencement without payment of the filing fee if the plaintiff submits an affidavit demonstrating his or her inability to pay the filing fee. 28 U.S.C. § 1915(a). Such affidavit must include a complete statement of the plaintiff's assets. *Id.* However, an IFP action is subject to dismissal if the court determines that the complaint is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to § 1915(e)(2). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

Here, Plaintiff submits a declaration of her assets and the information she provided is sufficient to satisfy the requirements under § 1915(a). Based on her affidavit in support of her IFP motion, Plaintiff indicates she is unemployed, receives $817.40 in disability and $166.04 in Social Security payments per month, and owns no real or personal property. Plaintiff also indicates her monthly obligations are $325 and she is not left with a lot in light of her ongoing medical expenses. Therefore, the Court concludes that Plaintiff meets the § 1915(a) requirements and **GRANTS** Plaintiff's Motion to

---

[1]     In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Proceed IFP.

## II. Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)

### A. Standard of Review

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; see also *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773

F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Procedural rules in ordinary civil litigation are not interpreted so as to excuse mistakes by those who proceed without counsel. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

B. Discussion

First Plaintiff has failed to sufficiently allege subject matter jurisdiction. Plaintiff's sole cause of action is for "medical malpractice," a state law tort, and she has not stated either the amount in controversy or diversity of citizenship between the parties.[2]

Nor does it appear that the Federal Tort Claims Act ("FTCA") is implicated. *See* 28 U.S.C. §1346 (permitting a person injured by a Government employee acting within the scope of his or her employment to seek tort damages against the Government). Even construing Plaintiff's pro se filings liberally, the complaint does not reveal or suggest a FTCA claim. Plaintiff's employer is San Diego Family Care and has not been alleged to be a Government employer. Nor has Plaintiff alleged exhaustion of administrative remedies, a jurisdictional requisite to relief pursuant to the FTCA. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011) ("The requirement of an administrative claim is jurisdictional." (quoting *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000)).

Second, even assuming that the Court had subject matter jurisdiction to entertain her claim, Court finds that Plaintiff's Complaint lacks sufficient factual allegations to support a claim for medical malpractice. On February 25, 2016, Plaintiff claims she had her initial medical visit with Defendant (ECF No. 1 at 2). Plaintiff was told by Defendant that she had pre-diabetes and was prescribed Metformin. At that time, Plaintiff claims Defendant did not have her medical records from Kearny Mesa Medical Clinic and that she did not have them in 2017. *Id.* On June 9, 2017, Plaintiff was diagnosed with Type 2

---

[2] The Court is doubtful that diversity jurisdiction exists, given Plaintiff's San Diego residency and Defendant's likely San Diego residency.

4

Mellitus Diabetes. *Id.* On June 12, 2017, nurse practitioner Della Burns prescribed Plaintiff Metformin, which Plaintiff alleges made her sick.

On June 16, 2017, Plaintiff had an "emergency appointment" with Defendant where she was prescribed more Metformin. *Id.* Plaintiff further states she is upset, depressed, and embarrassed and seeks monetary relief for the alleged medical negligence. *Id.* at 3. Plaintiff claims Defendant is liable for medical negligence for prescribing her Metformin and for a lack of knowledge of Plaintiff's medical history. *Id.*

The Court finds Plaintiff's Complaint does not contain claims that "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Plaintiff's allegations are insufficient to overcome the "low threshold" required to survive the Court's initial sua sponte screening required by 28 U.S.C. §§ 1915(e) (2) and 1915A (b).[1] *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). Plaintiff admits that she has been treated by Defendant since 2016 but alleges medical negligence because she did not respond well to the prescribed Metformin. Based on these facts, the Court finds that Plaintiff fails to state a claim for medical negligence by stating merely that she did not respond well to the course of treatment Defendant ordered and that she was "upset, depressed, and embarrassed". Plaintiff has provided conclusory statements about the medical care she received and has failed to allege medical negligence by Defendant.

Accordingly, Plaintiff's Complaint currently fails to state a claim, and must be dismissed sua sponte and in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### III. Motion to Appoint Counsel

Plaintiff requests for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). However, the motion to appoint counsel for this action is moot since the Court has

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [any individual defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

already dismissed the action for failure to state a claim. Therefore, the Court **DENIES** plaintiff's motion to appoint counsel.

### IV. Conclusion and Order

For this reason, **IT IS ORDERED** that Plaintiff's Motion to Proceed IFP (ECF No. 3) is **GRANTED** and the action is **DISMISSED** without prejudice based on her failure to state a claim. The Court **DENIES** Plaintiff's motion to appoint counsel as moot. (ECF No. 2.)

**IT IS SO ORDERED**.

Dated: February 27, 2019

Hon. Gonzalo P. Curiel
United States District Judge